IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWARD THOMPSON JR., § § *Plaintiff*, § § v. § § VETERANS UNITED HOME LOANS; § PLANET HOME LENDING, LLC; § SCOTT R. VALB, Substitute Trustee; and § JOHN DOES 1-10, § § *Defendants*. § | CIVIL ACTION NO. 4:25-CV-00545-MJT |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Edward Thompson Jr., proceeding *pro se*, filed a civil complaint against Veterans United Home Loans, Planet Home Lending, LLC, Scott R. Valb, and John Does 1-10 "to protect his constitutional and statutory rights against unlawful foreclosure efforts, unauthorized debt collection, and a defective title chain." [Dkt 1, ¶ 1]. Thompson has since filed a second amended complaint asserting much of the same.[1] *See* [Dkt. 13]. The District Court [Dkt. 3] referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.

Before Judge Stetson was Thompson's Second Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction. [Dkt. 14]. On June 3, 2025, Judge

---

[1] The Report and Recommendation presently before the Court granted, *sua sponte*, Thompson leave to file the second amended complaint. [Dkt. 18 at 4–5].

Stetson issued a Report and Recommendation [Dkt. 18] advising the Court to deny the motion because Thompson did not comply with Rule 65(b)(1) and had otherwise not shown a substantial likelihood of success on the merits of his claims. Thompson filed timely objections [Dkt. 19] to the Report and Recommendation [Dkt. 18] on June 4, 2025.

**I.     Plaintiff Edward Thompson Jr.'s Objections [Dkt. 19] to the Report and Recommendation [Dkt. 18] are Overruled**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

   A. Rule 65(b)(1)

Thompson objects first to Judge Stetson's finding that he did not comply with Rule 65(b)(1)'s notice and procedure requirements. [Dkt. 19 at 1–2]. According to Thompson, he satisfied his burden because he "had undertaken calls, voicemails, and attempted contact with [the] opposing parties or their agents." *Id.* at 2. Even assuming that these efforts satisfy Rule 65(b)(1), none is documented in Thompson's second amended complaint, second renewed motion, or two subsequent notices. *See* [Dkts. 13–14; 16–17]. These considerations are therefore not properly before the Court. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United*

*States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); *Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024); *Traylor v. United States*, No. 3:21-CV-104-KHJ-MTP, 2021 WL 5919023, at *3 (S.D. Miss. Dec. 15, 2021). Thompson's first objection is overruled, and Judge Stetson's recommendation to deny the motion on this basis alone is proper.

    B.   <u>Substantive Ambiguity and Uncertainty of Irreparable Injury</u>

Thompson objects next to Judge Stetson's finding that he failed to carry his substantive burden. [Dkt. 19 at 2]. After review of Thompson's second amended complaint [Dkt. 13] and second renewed motion [Dkt. 14], the Court agrees that his several-sentence explanation unmoored from legal explication is not satisfactory. Injunctive relief is an extraordinary remedy that imposes a "heavy" burden of proof on Thompson, who by now is well-aware of the same. *Wade v. Nat'l Collegiate Athletic Ass'n*, No. 2:24-CV-196-TBM-RPM, 2024 WL 5212665, at *2 (S.D. Miss. Dec. 23, 2024) (quoting *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011)). Judge Stetson correctly concluded that Thompson did not satisfy that burden.

Lastly, the timing of Townsend's objections now raise unresolved questions of fact as to whether he can show irreparable harm, the "'central purpose of a preliminary injunction [or TRO]' that justifies the exercise of 'equitable power.'" *Purl v. U.S. Dep't of Health & Hum. Servs.*, 760 F. Supp. 3d 489, 497 (N.D. Tex. 2024) (quoting *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975)); *see Zurovetz v. Argenbright*, No. 6:19-CV-481, 2021 WL 970464, at *2 (E.D. Tex. Feb. 8, 2021) (citation omitted) ("The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent."), *R & R adopted*, No. 6:19-CV-481, 2021 WL 963744 (E.D. Tex. Mar. 15, 2021). Thompson has

consistently alleged, and sought to prevent, the foreclosure of his property scheduled for June 3, 2025. *See* [Dkts. 4; 7; 11; 13; 16–17]. Thus, Thompson's June 4, 2025, objections seeking to overrule the report and prevent the June 3, 2025, sale of the contested property is problematic. [Dkt. 19-1 at 1]. With the date of the scheduled foreclosure sale now behind us, Thompson, whose burden it is to do so, does not state whether the foreclosure occurred or not. *See* [Dkt. 19]. If it did, then a legal order preventing it would be a legal nullity. "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *Armendariz v. Hershey*, 413 F.2d 1006, 1008 (5th Cir. 1969) (first quoting *St. Pierre v. United States*, 319 U.S. 41, 42 (1943); and then citing *Amalgamated Ass'n, Etc. v. Wis. Employ. Rel. Bd.*, 340 U.S. 416, 418 (1951)). If the sale did not actualize, then the Court is without knowledge of it. Consequently, Thompson's failure to show a substantial threat of irreparable harm also neutralizes his objection. For these reasons, Thompson's second objection is overruled.

## II.    Order

The Court has conducted a *de novo* review of Plaintiff Edward Thompson Jr.'s objections [Dkt. 19] consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff Edward Thompson Jr.'s objections [Dkt. 19] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate

Judge [Dkt. 18] is ADOPTED.

Plaintiff Edward Thompson Jr.'s Second Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. 14] is DENIED.

**SIGNED this 13th day of June, 2025.**

Michael J. Truncale
United States District Judge